CV - 10   0107

Saul D. Zabell (SZ 2738)
**ZABELL & ASSOCIATES, P.C.**
4875 Sunrise Highway, Suite 300
Bohemia, New York 11716
Tel.: (631) 589-7242
Fax: (631) 563-7475

FILED
IN ︙ ︙ OF
U.S. DISTRICT COURT E.D.N.Y

★   JAN 1 2 2010   ★

(SD)   LONG ISLAND OFFICE

MAUSKOPF, J.
AZRACK, M.

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

MARC COFONE,

           Plaintiff,

– against –

CHARTIS GLOBAL INVESTIGATIONS, INC.,

           Defendant.

**COMPLAINT**

Case No.:

**Jury Trial Demanded**



Plaintiff, **MARC COFONE,** by and through his attorneys, **ZABELL & ASSOCIATES, P.C.** complains and alleges as follows:

## INTRODUCTORY STATEMENT

1. Plaintiff brings this action seeking monetary damages and affirmative relief based upon Defendant's violation of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.,* the New York State Labor Law, N.Y. LAB. LAW §190 *et seq.,* the New York State Department of Labor Regulations ("NYDOL Regs"), and other appropriate rules, regulations, statutes and ordinances.

2. Plaintiff alleges, that pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq,.* that he is entitled to recover from Defendant: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

3. Plaintiff alleges, on behalf of himself, pursuant to the New York Labor Law, that he is entitled to recover from Defendant: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged herein occurred within this judicial district.

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 207, and 28 U.S.C. §§ 1331, 1332 and 1337.

6. This court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

7. The unlawful employment practices alleged below were committed within the State of New York, County of New York. Accordingly, this action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

8. This court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

9. Plaintiff, **MARC COFONE**, is a citizen of the State of New Jersey and resides in Belford, New Jersey.

10. At all times relevant to the Complaint, Plaintiff, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), 29 U.S.C. § 1002(6), and Section 190(2) of the New York Labor Law, N.Y. LAB. LAW § 190(2) (McKinney 1986, Supp. 2001).

11. Upon information and belief, Defendant, **CHARTIS GLOBAL INVESTIGATIONS, INC.,** (hereinafter "CGI" or Defendant) is a corporation organized and existing under the laws of the State of Delaware, doing business in the County of New York, in the State of New York at 175 Water Street, 15th Floor, New York, NY 10038.

12. At all times relevant to the Complaint, while working for CGI, Plaintiff has worked out of an office located at 559 Garfield Ave., Belford, NJ 07718, and was regularly required to travel to the State of New York for business.

13. At all times relevant to the Complaint, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), 29 U.S.C. § 1002(5), and Section 190(3) of the New York Labor Law, N.Y. LAB. LAW § 190(3) (McKinney 1986, Supp. 2001).

14. Upon information and belief, at all times relevant to the Complaint, Defendant employed more than two (2) employees engaged in interstate commerce and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to its participation in CGI's investigative and insurance business.

15. At all times relevant to the Complaint, Defendant employed employees, including Plaintiff, who regularly were and are engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been

3

produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i) and (j) due to its participation in CGI's investigative and insurance business.

## FACTS

16. Plaintiff repeats and realleges each and every allegation contained herein.

17. Plaintiff was employed by Defendant on a full-time basis from August 29, 2005 to November 30, 2009 as an Investigator.

18. Throughout the term of his employment, Plaintiff consistently exceeded the requirements of his job position.

19. At all relevant times, Plaintiff was required to be paid overtime pay at the statutory rate of time and one half (1½ x) his regular rate of pay for all hours worked in excess of forty (40) in a workweek.

20. Plaintiff regularly worked more than forty (40) hours during workweeks in which he was employed as an Investigator.

21. Additionally, Defendant prevented Plaintiff from correctly and accurately reporting the hours he actually worked for Defendant in a workweek.

22. Defendant failed to compensate Plaintiff for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1½ x) times his regular hourly rate from August 29, 2005 to November 30, 2009.

23. Upon information and belief, others similarly situated to Plaintiff did not receive overtime compensation for all hours worked over forty (40) during each workweek.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
(Failure to Pay Overtime – FLSA Violation)

24. Plaintiff repeats and realleges each and every allegation contained herein.

25. Defendant employed Plaintiff for workweeks in excess of forty (40) hours and willfully failed to compensate Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 ½ x) times the regular hourly rate, contrary to the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

26. As a result of the underpayment of wages alleged above, Plaintiff has incurred damages thereby and Defendant is indebted to Plaintiff in the amount of the unpaid overtime compensation.

27. The complete records concerning the number of hours worked by Plaintiff as well as the compensation Plaintiff received in workweeks in which excess of forty (40) hours were worked are in the exclusive custody and control of Defendant.

## SECOND CLAIM FOR RELIEF
(Failure to Pay Overtime – New York Labor Law Violation)

28. Plaintiff repeats and realleges each and every allegation contained herein.

29. Defendant employed Plaintiff for workweeks in excess of forty (40) hours and willfully failed to compensate Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 ½ x) times the regular hourly rate, contrary to the requirements of the New York Labor Law.

30. Defendant's failure to pay overtime pay as required by law, continued from August 29, 2005 to November 30, 2009.

31. As a result of the underpayment of wages, Plaintiff incurred damages under the New York Labor Law, and Defendant is thereby indebted to Plaintiff and for the unpaid overtime compensation for the period in question.

32. The records concerning the number of hours worked by Plaintiff as well as the compensation Plaintiff received in workweeks in which excess of forty (40) hours were worked are in the exclusive custody and control of Defendant.

## DEMAND FOR A JURY TRIAL

33. Plaintiff repeats and realleges each and every allegation herein of the complaint with the same force and effect as if the same had been set forth at length herein.

34. Plaintiff demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

   a) On the First Claim for Relief, award actual damages for uncompensated overtime wages as a "willful" violation, in an amount to be determined at trial, plus interest and an equal amount as liquidated damages pursuant to Section 216 of the FLSA, 29 U.S.C. § 216(b), the exact amount to be determined at trial;

   b) On the Second Claim for Relief, award Plaintiff actual damages for uncompensated overtime wages in an amount to be determined at trial, plus interest, reasonable attorneys' fees, costs and liquidated damages in the amount of twenty-five percent

(25%) of the total amount due pursuant to the New York Labor Law, N.Y. LAB. LAW § 198 (McKinney 2000), the exact amount to be determined at trial;

c) Order Defendant to pay Plaintiff a reasonable sum for expenses pursuant to the New York Labor Law, N.Y. LAB. LAW §§ 198, 663 (McKinney 2000);

d) Declare Defendant violated the Fair Labor Standards Act and the New York State Labor Law; and

e) Order such other and further relief as may be just and proper.

Dated: Bohemia, New York
January 11, 2010

**ZABELL & ASSOCIATES, P.C**
*Attorneys for Plaintiff*

By: _____
Saul D. Zabell (SZ 2738)
4875 Sunrise Highway, Suite 300
Bohemia, New York 11716
Tel.: (631) 589-7242
Fax: (631) 563-7475
szabell@laborlawsny.com

7

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in <u>Cofone v. Chartis Global Investigations, Inc.</u>, in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

Dated: Bohemia, New York
January 11, 2010

_____
Marc Cofone